**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| SAIDU KABBA, | No. 09-70915 |
| Petitioner, | Agency No. A079-570-244 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2010[**]
Seattle, Washington

Before:  HAWKINS, McKEOWN, and BEA, Circuit Judges.

Petitioner Saidu Kabba ("Kabba") seeks review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of asylum

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

on adverse credibility grounds.[1]  The IJ's factual findings must be upheld unless the evidence is such that "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

Kabba claims to be from Sierra Leone and asserts that in December 1999, his home in Kabala was attacked by RUF rebels, both his parents were shot and killed in front of him, and he and his siblings were held in a rebel camp for two months until freed by pro-government ECOMOG forces. The IJ found Kabba not credible, and identified a variety of credibility concerns, including: (1) Kabba's partial photocopy of a Sierra Leone passport appeared to have been written over and the IJ could not tell if it was authentic; (2) a discrepancy in his date of entering the United States in his testimony versus his application; (3) Kabba's inability in testimony to recall the month in which the attack occurred or the month when he left the rebel camp; (4) Kabba's inability to provide detail describing actions he or his family took in supporting President Kabbah, which allegedly motivated the attack; (5) Kabba's description of the attack itself was vague; (6) Kabba's asylum application did not mention injuries Kabba claimed he personally sustained in the attack; (7) Kabba's lack of knowledge about Sierra Leone, including questions about geography, primary religion, and

---

[1]  Kabba's asylum application was filed before May 11, 2005, and, thus, the asylum, corroboration, and credibility provisions of the REAL ID Act do not apply to this case.

primary language in the area Kabba claimed he was from; and (8) discrepancies regarding an application for advance parole Kabba had filed, in which he sought to attend the funeral of his mother in Gambia (although she allegedly was shot and killed in front of him five years earlier).[2] The BIA found no clear error and similarly noted Kabba's new claim of injury, his vague and non-responsive testimony, his lack of basic knowledge regarding Sierra Leone, and his inconsistent testimony regarding the advance parole application.

Kabba's opening brief confronts only two of these concerns: the alleged inconsistency between his application and testimony and his limited knowledge of Sierra Leone. Although Kabba has a valid point that providing additional details not contained in his asylum application is not necessarily inconsistent, *see Aguilera-Cota v. INS*, 914 F.2d 1375, 1382 (9th Cir. 1990), an adverse credibility finding must be upheld if even one of the proferred reasons goes to the heart of his claim and is

---

[2] When asked about the parole application, Kabba offered at least three different explanations, testifying first that he applied for parole because his younger brother was sick, then that it was his sister who was sick, and finally, that his father had two wives and it was the other wife who died, whom he also called mother. The IJ noted that the advance parole problems did not bear on the persecution *per se*, but did consider the discrepancies as bearing on Kabba's overall credibility and the issue of identity. It was not error for the IJ and BIA to consider these discrepancies because they go to the heart of Kabba's claim—calling into question the accuracy of his testimony about the circumstances of his mother's death, which was the very basis of his asylum claim.

supported by substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004). Kabba utterly fails to address the significant inconsistencies in his testimony regarding his advance parole application, inconsistencies that seriously call into question his account of the attack on his home by RUF rebels, which allegedly resulted in his mother's death. Substantial evidence also supports the IJ's and BIA's credibility concerns regarding Kabba's vague and often non-responsive testimony about the attack and its aftermath or the family's political activities that allegedly motivated the attack, issues Kabba also failed to address in his brief to this court.

**PETITION DENIED**.